N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WADE WALTER BRUTON                                                              PLAINTIFF

vs.                                       Civil No. 6:14-cv-06014

CAROLYN W. COLVIN                                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Wade Walter Bruton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on February 17, 2011.  (Tr. 10, 139-153). Plaintiff alleges being disabled due to mental problems.  (Tr. 174).  Plaintiff alleges an onset date of June 30, 1997.  (Tr. 10).  These applications were denied initially and again upon reconsideration. (Tr. 67-70).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 53-66). An administrative hearing was held on November 7, 2012 in Little Rock, Arkansas. *Id.* At the administrative hearing, Plaintiff was present and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 57). Plaintiff also testified at this hearing that he had completed the eighth grade in school and had obtained his GED. *Id.*

On January 14, 2013, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 7-20). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 1997. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 17, 2011, his amended alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, depression, attention deficit hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD), opioid dependence, and an anti-social personality disorder. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant is limited to work where interpersonal contact is limited, which is defined as occasional simple interaction with co-workers and supervisors.  Furthermore, the claimant's interaction with the public is not essential to the performance of the job and is limited to answering simple questions.  The claimant can perform work where the complexity of tasks can be learned within thirty days by repetition or demonstration.  The claimant can perform work with few variables and little judgment with the supervision required being simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ determined Plaintiff had no PRW.  (Tr. 18, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity, considering his age, education, PRW, and RFC, to perform other work existing in significant numbers in the national economy.  (Tr. 19, Finding 10).  The VE testified at the administrative hearing regarding that issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform two occupations: (1) janitor (medium, unskilled) with 6,800 such jobs in the state, 170,000 in the region, and 850,000 in the nation; and (2) kitchen helper (medium, unskilled) with 4,000 such jobs in the state, 85,000 in the region, and 400,000 in the nation.  (Tr. 17).  Because he retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 17, 2011 through the date of his decision or through January 14, 2013.  (Tr. 20, Finding 11).

On February 5, 2013, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 5).  On January 8, 2014, the Appeals Council declined to review this disability determination.  (Tr. 1-3).  On January 30, 2014, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on January 30, 2014. ECF No. 7.  Both

Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 10. Plaintiff raises the following four arguments for reversal: (1) the ALJ erred in finding his impairments did not meet the requirements of the Listings; (2) the ALJ erred by failing to give proper consideration to his low Global Assessment of Functioning or "GAF" scores; (3) the ALJ erred in discrediting his subjective complaints and the findings of his treating physician; and (4) the ALJ erred in finding he could perform medium work "given Plaintiff's homicidal and suicidal ideation which results in repeated deterioration." ECF No. 10. The Court has considered these arguments. Because the ALJ erred by

5

failing to fully evaluate and consider Plaintiff's low GAF scores, the Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff has been assessed as having repeatedly low GAF scores: (1)

GAF of 50 (Tr. 398, 410); (2) GAF of 13 (Tr. 477); and (3) GAF of 21 (Tr. 605). The ALJ did not consider these scores in his opinion. (Tr. 7-20). Indeed, the only time the ALJ referenced one of these scores was to find his low score of 50 indicated "serious symptoms": "A rating of 40 to 50 indicates serious symptoms or any serious impairment in social, occupational, or school function." (Tr. 17). The ALJ did not explain how these "serious symptoms" were consistent with his RFC finding. *Id.*

Further, in her briefing, the SSA gave no explanation for why these GAF scores were not explicitly considered in the ALJ's disability determination. *See* ECF No. 13. Accordingly, because the ALJ was required to evaluate these low GAF scores and provide reasons for discounting them but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of February 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE